# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY JAMES BARTON, III | No. 4:19-CV-02104 |
| Petitioner, | (Judge Brann) |
| v. | |
| PIKE COUNTY CORRECTIONAL FACILITY, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

### MARCH 27, 2020

Presently before the Court is the petition for writ of habeas corpus of Petitioner Harry James Barton, III, a state pre-trial detainee, filed pursuant to 28 U.S.C. § 2241, in which he seeks to assert his right to a speedy trial in a state court criminal proceeding.[1] The Court ordered Respondents to show cause why the Petition should not be granted, and Respondents have filed an answer.[2] The Petition is thus ripe for disposition. For the following reasons, it will be denied without prejudice.

---

[1] ECF No. 1.
[2] ECF No. 10.

## I. BACKGROUND

Petitioner was arrested on August 1, 2018, on various state law charges in Pike County, Pennsylvania.[3] A preliminary hearing was scheduled for August 6, 2018, which was continued at the request of the prosecution due to a scheduling conflict.[4] The preliminary hearing was rescheduled for August 21, 2018, however Petitioner, through counsel, requested and was granted a further continuance.[5] The preliminary hearing was finally conducted on October 2, 2018, where the charges were bound over to the Court of Common Pleas of Pike County.[6]

A criminal information was filed on November 28, 2018, and Petitioner waived his right to a formal arrangement.[7] The matter was then set for the January 2019 trial term in the Court of Common Pleas.[8]

The matter did not proceed to trial in January 2019 as a result of various requests by Petitioner, through counsel. Specifically, Petitioner's counsel requested continuances at every pre-trial conference scheduled prior to each scheduled trial term.[9] Those requests were made on November 15, 2018, January 4, 2019, April 25, 2019, June 19, 2019, September 5, 2019, and October 29, 2019.[10] It is unclear why

---

[3] ECF No. 10. at 2.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 3.
[10] *Id.*

these continuances were needed, however Petitioner's counsel filed at least two motions during this time.[11] Also during this time, Petitioner filed a *pro se* "Motion to Compel Review/Speedy Trial Violation/Bail Hearing" with the Pennsylvania Superior Court, which reviewed the motion and directed that it be forwarded to the Pike County Public Defender's Office.[12] Neither Petitioner nor his counsel filed this motion in the Court of Common Pleas or otherwise sought to pursue it.

Petitioner's criminal trial was set to begin jury selection on January 3, 2020. At that time, an attorney from the Public Defender's Office advised that a conflict had now arisen between the Petitioner and the Chief Public Defender and a further continuance was requested for a newly assigned attorney to become familiar with the case.[13] The case was assigned then to the March 2020 trial term. Petitioner's new attorney has requested yet another continuance because he plans to file additional pre-trial motions.[14]

## II. DISCUSSION

"[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States.'"[15] Pre-trial habeas jurisdiction should be "exercised

---

[11] *Id.* at 2-3.
[12] *Id.* at 3.
[13] *Id.*
[14] *Id.* at 4.
[15] *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)).

3

sparingly" to prevent "pre-trial habeas interference by federal courts in the normal functioning of state criminal processes."[16] "While Federal courts have the power and may discharge the accused in advance of trial, if he is restrained of his liberty in violation of the Federal Constitution or laws, . . . the practice of exercising such power before the question has been raised or determined in the state court is one which ought not be encouraged."[17]

Relevant here, a petitioner must generally exhaust his state court remedies prior to filing for federal habeas relief, and the court may only excuse exhaustion if "extraordinary circumstances" are present.[18] The petitioner bears the burden of demonstrating exhaustion at the state level.[19] In order to satisfy the exhaustion requirement, the petitioner must fairly present his claim to the state courts and complete one round of the state's established appellate review process.[20]

Although Petitioner may have attempted to raise the speedy trial issue in state court by filing a motion with the Pennsylvania Superior Court, he apparently abandoned that motion, and therefore did not exhaust his state court remedies on this issue. After carefully reviewing the history of Petitioner's state court criminal case, the Court can find nothing extraordinary about it that would permit this Court to

---

[16] *Duran*, 393 F. App'x at 4 (quoting *Moore*, 515 F.2d at 445-46).
[17] *Moore*, 515 F.3d at 442 (quoting *Cook v. Hart*, 146 U.S. 183, 194 (1892)).
[18] *Moore*, 515 F.2d at 443.
[19] *See O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).
[20] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989), *cert. denied*, 493 U.S. 1036 (1990).

exercise jurisdiction over the Petition and grant relief to Petitioner. Petitioner, through counsel, requested the bulk of the continuances that caused the delay of Petitioner's criminal trial. These continuances were quite ordinary; they commonly occur in criminal proceedings. Notably, the continuances were likely to Petitioner's benefit; one of the defense's motions has already been granted and the proposed pre-trial motions to be filed by his defense counsel may be decided in his favor.

Although the Court appreciates Petitioner's desire to proceed to trial quickly and that he may disagree with the pre-trial strategy of his counsel, Petitioner must raise those issues with his counsel and/or the Court of Common Pleas of Pike County.

### III. CONCLUSION

For the reasons set forth above, the Petition will be denied without prejudice. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge